**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-2174

BENSON ONWUAMAEGBU,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

John J. Loscocco and Barker, Epstein and Loscocco on brief
for petitioner.
Tim Ramnitz, Office of Immigration Litigation, Michael F.
Hurtz, Acting Assistant Attorney General, Civil Division, and
Barry J. Pettinato, Assistant Director, on brief for respondent.

April 29, 2009

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Eric H. Holder, Jr. has been substituted for former Attorney
General Michael B. Mukasey as the respondent.

**PER CURIAM**.  In 1986 and 1988, petitioner was convicted of three crimes of moral turpitude (larceny by check and two acts of forgery).  As a result, there are two consequences.  First, he is removable, see 8 U.S.C. § 1182(a)(2)(A)(i)(I), and the government has obtained an order of removal.  Second, because of those convictions, this court lacks jurisdiction to review petitioner's challenge to the removal order from the Board of Immigration Appeals ("BIA"), unless his challenge presents a colorable constitutional claim or a question of law.  See 8 U.S.C. § 1252(a)(2)(C), (D); see also Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006).

Petitioner cannot present either because he did not take a timely appeal to the BIA from the Immigration Judge's ("IJ") February 22, 2008 decision denying him a section 212(h) waiver, and so cannot challenge that order in this court.  Petitioner did file a motion to reopen that order, but the IJ denied that motion because she found that he had "presented no evidence to indicate that the basis for this motion to reopen could not have been presented previously."  See 8 C.F.R. § 1003.23(b)(3).  That order was appealed to the BIA, which found the motion to reopen was properly denied because of petitioner's failure to meet that condition for reopening.

The present petition constitutes an attempt by the petitioner to circumvent the rules for filing petitions for review

of BIA orders and motions to reopen.  It presents no issues of law or of constitutional rights.  Thus, we lack jurisdiction and <u>dismiss</u> the petition.